UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC TAYLOR,

                    Plaintiff,

          -against-                                        1:24-CV-4138 (LTS)

NYPD AUTHORITY, et al.,                                    ORDER

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated July 30, 2024, and entered on August 2, 2024, and by judgment dated July

31, 2024, and also entered on August 2, 2024, the Court dismissed this *pro se* action. (ECF 4

& 5.) On August 23, 2024, the Court received from Plaintiff, who is currently held in the Otis

Bantum Correctional Center on Rikers Island, a notice of appeal, a motion for an extension of

time to file a notice of appeal brought under Rule 4(a)(5) of the Federal Rules of Appellate

Procedure ("Rule 4(a)(5)"), a motion for leave to proceed *in forma pauperis* ("IFP") on appeal,

and an application to appeal IFP. (ECF 6)

For the following reasons, the Court denies Plaintiff's Rule 4(a)(5) motion as

unnecessary, and denies his motion for leave to proceed IFP on appeal and his application to

appeal IFP.

## DISCUSSION

### A.     Rule 4(a)(5) motion

A party normally has 30 days from the entry date of the order or judgment being

challenged to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). Thus, Plaintiff had

until September 3, 2024, to file a timely notice of appeal with regard to the abovementioned

order of dismissal and judgment.[1] The court received Plaintiff's notice of appeal on August 23, 2024, before the relevant period to file his notice of appeal expired.[2] (ECF 6.) Accordingly, the Court denies Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal as unnecessary.

**B.      IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In its July 30, 2024 order, and again, in its July 31, 2024 judgment, the Court certified, under Section 1915(a)(3), that any appeal from that order and judgment would not be taken in good faith (ECF 4 & 5), denying IFP for the purpose of an appeal, *see* § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's July 30, 2024 order and its July 31, 2024 judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal and his application to appeal IFP.

**CONCLUSION**

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure (ECF 6), as unnecessary,

---

[1] Because the last day of that 30-day period actually fell on Sunday, September 1, 2024, and because the next day, Monday, September 2, 2024, was Labor Day, a legal holiday, the applicable 30-day period expired on the next court-business day, Tuesday, September 3, 2024. *See* Fed. R. App. P. 26(a)(1)(C), (6)(A).

[2] Because Plaintiff was in custody at the time that he filed his notice of appeal, it is deemed filed as of the date that he submitted it to his facility's officials for its mailing to the court, *see Houston v. Lack*, 487 U.S. 266 (1988); that date appears to have been on or about August 9, 2024 (ECF 6, at 1), when his notice of appeal was dated, *see Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) (in the context of this "prison mailbox rule," "in the absence of contrary evidence, district courts in this circuit have tended to assume that [a] prisoner['s] papers were given to prison officials on the date of their signing").

because his notice of appeal (*id.*) is timely. The Court also denies Plaintiff's motion for leave to

proceed IFP on appeal and application to appeal IFP. (*Id.*)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 17, 2024
           New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge